# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1598

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Conrad E. Collins, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1999

Filed: January 19, 2000

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

Conrad E. Collins appeals the denial of his motion to suppress. We affirm.

Collins flew from Los Angeles to Kansas City, Missouri. As Collins deplaned in Kansas City, he caught the attention of a police officer on drug interdiction duty. The officer knew Collins was arriving from a source city for drugs and observed that Collins looked around at all the people as he entered the gate area, pulled one suitcase and carried a gym bag, appeared to be very protective of the gym bag, went directly to a taxi telephone to call a cab, and also made two calls from a pay telephone while

waiting for his cab. Because Collins's behavior roused the officer's suspicions, the officer approached Collins, identified himself, and asked to speak with Collins. Collins answered the officer's questions about where he was from and why he had come to Kansas City and complied with the officer's request to see his ticket and travel itinerary. By reviewing the itinerary, the officer learned that Collins had paid for his airline ticket with cash on the day of departure and was planning to stay in Kansas City for only a few days. The officer also noted Collins seemed nervous and would not make eye contact.

The officer then asked Collins if he would consent to a search of himself and his luggage. When Collins refused, the officer informed Collins he was free to go but, based on his observations, the officer decided to detain Collins's luggage for a dog sniff and asked Collins to step away from his bags. Collins refused to comply with the officer's repeated requests and the officer testified that, when he reached for the luggage, Collins struck his hand away. Collins testified, however, that he tried to take his bags before leaving and it was the officer who pushed Collins's hands away from the bags. Collins was arrested for assaulting a police officer. The officer performed an inventory search of the luggage incident to Collins's arrest and discovered cocaine in the gym bag.

Collins moved to suppress the cocaine, arguing the officer did not have a reasonable, articulable suspicion required to detain his luggage and the arrest for assault was pretextual. Although the magistrate judge agreed the officer could not properly detain Collins's luggage, the magistrate judge denied the motion, stating, "Whether [Collins] reached for the bag first and [the officer] 'swiped' his hand away or [the officer] reached for the bag first and [Collins] 'struck' his hand away, [Collins] knowingly caused physical contact with a law enforcement officer" and committed the crime of assault of an officer, providing probable cause for his arrest and permitting the inventory search of Collins's bags. The district court adopted the magistrate judge's

report and recommendation, and Collins entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress.

As an initial matter, the parties concede, and we agree, the officer did not have a reasonable, articulable suspicion justifying the detention of Collins's luggage for a dog sniff. The factors the officer said roused his suspicion toward Collins "'describe a very large category of presumably innocent travelers, who would be subject to virtually random seizures were the Court to conclude that as little foundation as there was in this case could justify a seizure.'" United States v. White, 890 F.2d 1413, 1417 (8th Cir. 1989) (citation omitted).

On appeal, Collins contends the magistrate judge committed error in concluding his conduct constituted an assault and provided an independent basis for his arrest. To commit the crime of assault on an officer, Collins had to "knowingly cause[] or attempt[] to cause physical contact with a law enforcement officer without the [officer's] consent." Mo. Rev. Stat. § 565.083.1(5) (Supp. 1994). Here, Collins's version of his physical contact with the officer and the officer's version of that event differed and the magistrate judge did not resolve this factual dispute. Unlike the magistrate judge, we have reservations about whether Collins's version of the incident would constitute assault under the statute. We need not remand for resolution of this dispute, however, because the record establishes that when the officer attempted to place Collins under arrest, Collins "reacted by jerking, and turning away from [the officer], jerking his arm free of [the officer's] grasp[] [a]nd taking a couple of steps [away]." (Hearing Tr. at 20). Collins's resistance would have provided a reasonable officer with probable cause for arrest under Missouri law. See United States v. Dawdy, 46 F.3d 1427, 1431 (8th Cir. 1995); Mo. Rev. Stat. § 575.150.1(1) (Supp. 1998) (person resists arrest if the person knows or "reasonably should know that a law enforcement officer is making an arrest . . . [and] the person . . . [r]esists . . . by using or threatening the use of violence or physical force or by fleeing from such officer"); id. § 575.150.3 ("no defense to a prosecution [for resisting arrest] that the law

-3-

enforcement officer was acting unlawfully in making the arrest"). Thus, even though the officer's initial detention of Collins's luggage was invalid and assuming Collins's arrest for assault was also invalid, Collins's "resistance provided independent grounds for his arrest, and the evidence discovered in the subsequent search[] of his [luggage] is admissible." Dawdy, 46 F.3d at 1431.

We also reject Collins's related contention that the arrest was simply a pretext to search his luggage. An officer's subjective intentions "'play no role in ordinary, probable-cause Fourth Amendment analysis.'" United States v. Pipes, 125 F.3d 638, 640 (8th Cir. 1997) (citing Whren v. United States, 517 U.S. 806, 813 (1996)).

We affirm the denial of Collins's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.